UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KELVIN COOLIDGE**<br>*Plaintiff*<br><br>Vs,<br><br>**CAVALRY PORTFOLIO SERVICES LLC,**<br>**THOMAS LAW OFFICES PLLC,**<br>**ANNE M THOMAS**<br>**SAMSERV INC.**<br>**DAVID L DALHEIM, individually and d/b/a**<br>**Strathmore Associates**<br>*Defendants* | Case no.: 1:11-CV-0538<br>(MAD/DRH)<br><br>**COMPLAINT**<br><br>*Jury Trial Demanded* |

Albany County      }
New York State   } ss:

Kelvin Coolidge , the Plaintiff in this action, by his attorney, complains of the defendant by alleging and showing that:

### NATURE OF ACTION

1. This is an action to enforce the Fair Debt Collection Practice Act (FDCPA) 15 USC §1692 *et seq*,

### JURIDICTION AND VENUE

2. This Court has federal question jurisdiction under 15 USC §1692k (d) and 28 USC §1331. Declaratory relief is available per 28 USC §§ 2201 and 2202. The Court has supplemental jurisdiction over state claims per 28 USC § 1367

3. Venue is proper in this district per 28 USC §1391 (b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district because plaintiff lives in this district, defendants all conduct business in this district , and the injury occurred in this district.

**PARTIES**

4. At all relevant times:

   a. I am and was a resident of Duanesburg, Schenectady County, New York, in this district.

   b. I am a" consumer" as that term is defined in the FDCPA, in that I am a natural person who allegedly owes a debt to another. I am a "consumer" as that term is used in the New York State Business Law § 349.

5. Upon information and belief, at all relevant times**, Cavalry Portfolio Services LLC  ( " Cavalry")** :

   a. is a Delaware limited liability company authorized to business in New York with a place of business at Valhalla, Westchester County, New York

   b. Is a "debt collector" as that term is defined in the FDCPA;

    c. Is in the business of buying and collecting defaulted consumer debt by use of the mail, telephone, and the courts of New York and other means of interstate commerce;

    d. conducts business in this district and has an agent in this district;

    e. directed, supervised and/or approved of the actions of the other defendants, in their attempts to collect a debt from me.

6. Upon information and belief, at all relevant times, **Thomas Law Offices PLLC ( "Thomas Law")** :

    a. is a New York professional services limited liability company with a principal place of business in Hawthorne, Westchester County, New York;

    b. Is a "debt collector" as that term is defined in the FDCPA;

    c. Is in the business of collecting consumer debt for others by use of the mail, telephone, and the courts of New York and other means of interstate commerce;

    d. conducts business in this district and has an agent in this district;

    e. directed and supervised the other defendants, or approved their actions, in an attempt to collect a debt from me.

7. Upon information and belief, at all relevant times, the defendant **Anne M Thomas ("Thomas")**:

   a. is an attorney at law licensed to practice in New York State with an office at Hawthorne, Westchester County, New York; is the principal of Thomas Law;

   b. Is a "debt collector" as that term is defined in the FDCPA;

   c. Is in the business of collecting consumer debt for others by use of the mail, telephone, and the courts of New York and other means of interstate commerce;

   d. conducts business in this district;

   e. directed and supervised the other defendants, or approved their actions, in an attempt to collect a debt from me.

8. Upon information and belief, at all relevant times, **SamServ Inc ("Sam Serv")**:

   a. is a New York corporation with a principal place of business in New York, New York.

   b. Is a "debt collector" as that term is defined in the FDCPA;

   c. is engaged in the business of collecting consumer debts by assisting the other defendants to file and maintain civil collection lawsuits and to obtain default judgments in those cases by the issuance of affidavits and other communications ( relied upon by the courts and consumers alike)

and by the use of mail, telephone, the courts of New York State and other means of interstate commerce.

d. conducts business in this district and has an agent in this business;

e. acted on its own and acted on behalf of and under the direction and supervision and with the approval of the other defendants, in an attempt to collect a debt from me.

9. Upon information and belief, at all relevant times, **David L Dalheim ( "Dalheim") :**

a. is a process server who operates under the assumed trade name of Strathmore Associates with a principal place of business at Albany, Albany County, New York.

b. Is a "debt collector" as that term is defined in the FDCPA;

c. is engaged in the business of collecting consumer debts by assisting the other defendants to file and maintain civil collection lawsuits and to obtain default judgments in those cases by the issuance of affidavits and other communications ( relied upon by the courts and consumers alike) and by the use of mail, telephone, the courts of New York State and other means of interstate commerce.

d. acted on his own and acted on behalf of and under the direction and supervision and with the approval of the other defendants, in an attempt to collect a debt from me.

## FACTUAL ALLEGATIONS

10. On or about 5/25/10 Cavalry hired Thomas Law and Thomas and the other defendants to sue me. Thomas Law sued me for Cavalry by filing a summons and complaint in the Supreme Court for Schenectady County ("state court action"). A copy of the summons and complaint is attached as Exhibit A.

11. The summons and complaint were signed by Thomas and Thomas Law. By signing the summons and complaint, Thomas and Thomas Law certified to the Court and to me that, to the best of their knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the complaint or the contentions therein were not frivolous as defined in section 130-1.1(c) of the Chief Administrator's Rules, i.e., that 1) it was not completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law, or 2) it does not assert material factual statements that are false.

12. The subject of the lawsuit was an alleged credit card debt to FIA Card Services NA that Cavalry says it bought which (whether I owe it or not) is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, or services are primarily for personal, family, or household purposes, hence a "debt" as that term is defined by the FDCPA.

*Sewer Service*

13. Thereafter, the defendants Cavalry, Thomas Law and Thomas delivered the summons and complaint in this action to the defendant SamServ, Inc. along with $75.00 as a fee for its services. As we are informed and believe, SamServ Inc then sent the summons and complaint to Dalhiem, purportedly to serve me.

14. On 6/19/10 a Christine Cadwallader ( an employee of SamServ or Dahleim and acting on defendants' behalf and at their instance) was sworn by Dalheim and then deposed that on June 15, 2010 at 4:29 PM at 1043 Birchwood Dr, Duanesburg, New York, she served the summons and complaint in the state court action on me. Cadwallader stated under oath that *I* was served personally with a copy of the summons and complaint, and described me .

15. A true copy of the affidavit of service signed by Christine Cadwallader and taken by David Dalheim is attached as Exhibit B.

16. The averments, statements, depositions and the affidavit of service at Exhibit B were false, and, in fact, Christine Cadwallader had not served the summons or verified complaint on me*,* and had not done any of the other acts set forth in the affidavit.

    b. Contrary to the affidavit of service, I am not 38 years old, 5'10" , 180 pounds with brown hair. I am a 55 years old , 5'7", 170 pounds with blonde-grey hair and I wear glasses all the time.

17. I do not know a Christine Cadwallader and she does not know me.

18. As I am informed and believe, no one went to my house on the date and time alleged.

19. In other words, the affidavit of service is false.

20. Defendants Dalheim and SamServ, at the behest of the other defendants, then caused the false affidavit of service to be filed in the Supreme Court on 6/24/10.

21. Each of the defendants knew or had reason to know that the affidavit of service was false.

22. Certainly Cavalry, Thomas Law , Thomas and Dalheim knew or should have known that SamServ had been accused of sewer service and other improprieties involving thousands of New York City cases, as alleged in *Sykes vs Mel S Harris* (SDNY *09-CV-8486 ( DC) )* , of which we ask the Court to take judicial notice.

23. Certainly Cavalry was aware or should have known that Thomas Law and Thomas had been accused of engaging or abetting sewer service and other improprieties involving thousands of New York cases, as alleged by Chief Administrative Judge Ann Pfau in *Pfau vs Forster & Garbus et al* (Supreme Court, Erie County I-2009-8236 ), of which we ask the Court to take judicial notice.

*False , Misleading & Deceptive Complaint Verification*

24. In connection with the state court action against me, defendants caused a Kristina D Pagni ( " Pagni") to verify the complaint. The purpose of the verification was to supply the Supreme Court with non-hearsay proof of the facts underlying the claim, as required by New York Civil Practice Law and Rules 3215(f), of which we ask the Court to take notice. The verification was a prerequisite to entry of a default judgment. [1]

25. Pagni identifies herself as a " Legal Administrator " employed by Cavalry.

26. In the verification she swears under oath that she read the complaint and she knows its content, that the contents of the complaint were true to her knowledge, except for those stated to be alleged upon information and belief. However, no allegation in the complaint was made " upon information and belief."

27. In the first cause of action in the complaint, at paragraphs 3 and 4, Pagni states as follows:

> " Plaintiff, through assignment, is the lawful owner of a consumer credit contract executed by the Defendant(s). The Defendant(s) did breach the aforesaid consumer credit contract and owes Plaintiff the sum of $18,836.55 plus interest of $9,672.30. Payment has been demanded by Plaintiff but has not been made. "

28. No consumer credit contract is attached to the complaint.

---

[1] e.g., *State vs Williams*

29. Nowhere does Pagni say she worked for FIA Card Services NA.  I do not know Pagni and she does not know me.

30. At the time of Pagni's verification and at the time a default judgment was submitted to the Schenectady County Clerk, Cavalry did not possess, as we are informed and believe:

   a.  a copy of a " consumer credit contract " between me and FIA Card Services NA,

   b.  any physical evidence that I actually used an FIA credit card, including a complete chronological history showing charges, advances , payments, credits and interest concluding in a balance of $28,508.85 ;

   d.  any evidence to support the allegations in the complaint that statements were sent to me by Cavalry or FIA or anyone else;

   e.  any documents sufficient to establish it was the legal owner of a FIA account in my name, including a complete chain of title from FIA Card Services to Cavalry.

31. Indeed, at the time of Pagni's verification and at the time it was submitted to the Schenectady County Clerk, Cavalry did not possess any documents or physical evidence sufficient to prove the elements of a prima facie case for a credit card account, as set forth by the courts of New York State generally, and in particularly for the Appellate Division of the Third Judicial Department, of which Schenectady County is a part. Rather, the only information Cavalry had supporting an existence of a FIA account in my name was, as I am informed and believed, data

        conveyed electronically in "name, rank , serial number"- style along with data of others allegedly purchased at the same time by Cavalry.

32. Pagni makes other allegations in other causes of action, none of which were made on " information or belief" but on her alleged personal knowledge, regarding a " book account," " goods and services sold and delivered" and " account stated" which are equally unsupported by any physical evidence in Cavalry's possession at the time the verification was made or the default judgment was sought.

33. Thomas, meanwhile, on 8/5/2010, in an application for a default judgment, affirmed to the Supreme Court that I had been served and that my time to answer had expired. [2] In fact, I had never been served.

34. Based on both the affidavit of service , Pagni's verification, and Thomas' affirmation regarding service and my presumed default thereon, defendants induced the Schenectady County Clerk to enter a default judgment against me on 8/19/10 in the amount of 29,033.85.

35. Thereafter, Cavalry caused an income execution to be issued against me to the Schenectady County Sheriff.

36. As a result, I had to hire an attorney at a cost of $ 3900 to defend me from this claim.

37. Because Cavalry had no evidence to support its *prima facie* claim, the defendants did not, as we are informed and believe, intend to take its claims to a trial at which it would have to prove its entitlement to relief. Defendants intended, instead, to either force me into a settlement with

---

[2] See Exhibit C, attached to this and made a part of it.

   them or take a default judgment by which they could coercively take money from me. The latter in fact, is what happened.

38. When it became clear to defendants they would have to defend the service of process and/or prove its claim at a trial, defendants signed a stipulation to vacate the judgment and discontinue the action against me.

39. As I am informed and believe, it is the practice of defendants to vacate and discontinue actions when a defendant obtains counsel or moves against a default judgment.

40. Because of the defendants' actions described herein, including taking a default judgment against me based on a false affidavit and misleading verification, I suffered emotional distress, anxiety, anger, shame, frustration, fear, sleeplessness, restlessness, insecurity in my daily business, and humiliation, all of which lasted from 11/30/10 ( the date I learned of the judgment) to this time.

## COUNT 1

*(Violation of the Fair Debt Collection Practices Act 15 USC 1692e and f)*
*(deceptive and unfair practice of filing a false, deceptive and misleading affidavit of service)*

41. I reallege and reiterate the allegations of the preceding paragraphs.

42. The defendants' acts of causing the making and filing a false affidavit of service to induce the Schenectady County Court to enter a default judgment against me when I was never served, were deceptive, misleading, false, unfair and unconscionable, violating 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(5), 15 USC 1692e(10) and 15 USC 1692f and 15 USC 1692f(1).

## COUNT 2

*(Violation of the Fair Debt Collection Practices Act)*
*( filing a false , deceptive and misleading verified complaint)*

43. I reallege and reiterate the allegations of the preceding paragraphs.

44. Midland and R&R's act of offering and filing a false and/or misleading complaint verification to induce the Schenectady County Clerk to enter a default judgment against me even when Cavalry, Thomas Law and Thomas knew Cavalry did not have the requisite proof to establish its claim, violates 15 USC 1692e, 1692e(2)(a), 1692e(5), 1692e(10), 1692f

## COUNT 3

*( Abuse of Process)*

45. I reallage and reiterate the allegations of the preceding paragraphs.

46. Defendants knew or should have known that the statements made in the affidavit of service described above were false when made, and they knew or should have known that SamServ, Dalheim or Cadawallader had not served the summons or verified complaint on *me* and had not done any of the other acts set forth in the affidavit.

47. The defendants intentionally and willfully caused or induced the clerk of the Schenectady County Court ,relying on the affidavit, to enter a default judgment against me.

48. By engaging in and consenting to the acts described above, the defendants, under color of law, subjected me to abuse of process.

# COUNT 4

(*Violation of New York General Business Law 349)*

49. I reallege and reiterate the allegations of the previous paragraphs.

50. Defendants have each acted with deception in their business pursuit of collecting consumer debts from me and others like me.

51. Such acts, i.e., making filing and certifying false affidavits of service in order to obtain a default judgments, making, filing and certifying false or misleading complaints in order to obtain default judgments, abusing legal process for such an end , then discontinuing the judgments when opposition arises, are false and/or deceptive in a material way as defendants could not obtain default judgments against consumers without them and their effect is to deny consumers notice of claims and the ability to defend them, thus are material acts of deceit.

52. Upon information and belief, one or more of these wrongful acts are performed whenever Cavalry obtains a default judgment against a consumer in this district.

53. I and others in this district who are sued by defendants are damaged thereby.

54. The defendants' actions as alleged in the above Counts were frequent, intentional, and persistent.

55. As a result I have been damaged

## JURY DEMAND

I respectfully request a trial by jury of all issues.

**WHEREFORE**, I ask the Court for judgment:

a. declaring the actions of the defendants in violation of the FDCPA ;
b. awarding me actual damages, jointly and severally;
c. awarding me statutory damages per 15 USC §1692k and GBL§ 349 against each defendant;
d. awarding me costs and disbursements of this action, and reasonable attorney's fees ( per 15 USC § 1692k and GBL 349), and
e. such other, further and different relief as the Court finds proper here.

DATED:    May 12, 2011

_____S/ Anthony J Pietrafesa _____
**ANTHONY J PIETRAFESA ESQ. (102368)**

*Attorney for the Plaintiff*
210 Bell Court
Schenectady NY 12303
518.218.0851
Fax: 518.514.1241
ajp@ajp1law.com

VERIFICATION

State of New York            }
County of Albany             } ss:


Kelvin Coolidge , being duly sworn, deposes and says: I the plaintiff  in this action, I have read the complaint, and the factual allegations contained in the complaint are true to my personal knowledge except for those based on my information and belief, and as to those I believe them to be true.

s/ Kelvin Coolidge
_____  _____



Sworn to and Subscribed
Before me on  5/12/2011

 s/ Anthony J Pietrafesa
_____

Anthony J. Pietrafesa

Notary Public Albany  County

02PI6155974

My Commission exp. 11/20/2014